IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DONNAVAN M. WOODS, # 0013307, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-cv-00887 |
| | ) | |
| JUDGE BARRY TIDWELL, *et al.*, | ) | Judge Trauger |
| | ) | Magistrate Judge Holmes |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Donnavan Woods, who is currently in the custody of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed a pro se complaint alleging violations of his civil rights during his state-court criminal proceedings. (Doc. No. 1). He has also filed an Application for Leave to Proceed In Forma Pauperis (Doc. No. 2), a amotion for transcripts of his criminal proceedings (Doc. No. 6), and a motion to amend his complaint (Doc. No. 7).

**I.     FILING FEE**

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Rutherford County Adult Detention Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION TO AMEND

In this court, "[a] motion to amend a pleading must . . . include as an appended exhibit the signed proposed amended pleading." M.D. Tenn. L.R. 15.01(a)(1). Additionally, "[a]mended pleadings must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. L.R. 15.01(a)(2). Plaintiff's motion to amend does not comply with either of these provisions. (Doc. No. 7). The motion will therefore be denied.[1]

## III. SCREENING THE COMPLAINT

### A. PLRA Screening Standard

The complaint as amended is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

---

[1] Plaintiff's motion to amend does not assert any additional factual allegations and instead seeks to add the State of Tennessee as a defendant. (Doc. No. 7). The State of Tennessee is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Haddad v. Gregg*, 910 F.3d 237, 243 (6th Cir. 2018) (same).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. **Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); 42 U.S.C. § 1983.

C. **Facts Alleged in the Complaint**

Plaintiff names three defendants: (1) Judge Barry Tidwell; (2) attorney Harold Scott Saul; and (3) Assistant District Attorney John Zimmerman. (Doc. No. 1 at 2−3). He alleges that he was denied the right to call witnesses during a criminal trial in violation of the Tennessee Constitution. (*Id.* at 6). He further alleges that he is being denied the right to bear arms in violation of the Second Amendment of the United States Constitution. (*Id.*) Finally, he alleges that the denial of his right

4

Case 3:24-cv-00887    Document 8    Filed 06/17/25    Page 4 of 7 PageID #: 37

to bear arms violates the Tennessee Constitution's prohibition on retrospective laws. (*Id.*) He seeks compensatory damages. (*Id.* at 7).

**D. Section 1983 Claims**

Plaintiff sues each defendant in his official capacity only. (Doc. No. 1 at 2−3). An official capacity Section 1983 suit is, in all respects other than the name, to be treated as a suit against the entity. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009).

Plaintiff identifies Judge Tidwell as a Criminal Court judge and Mr. Zimmerman as an Assistant District Attorney. (Doc. No. 1 at 2−3). In Tennessee, both criminal court judges and assistant district attorneys are state officials. *See Jordan v. Knox County*, 213 S.W. 3d 751, 783 (Tenn. 2007) ("[C]riminal court judges, circuit court judges, and chancellors are state officials." (citing Tenn. Code Ann. § 17-1-203)); *White by Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) ("[A]ssistant district attorney generals . . . prosecute suits on behalf of the state and receive an annual salary payable out of the state treasury. These [] defendants, in their official capacities, are employees of the State of Tennessee." (citations omitted)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Haddad v. Gregg*, 910 F.3d 237, 243 (6th Cir. 2018) (same). Accordingly, Plaintiff has failed to state viable Section 1983 claims against Judge Tidwell and Assistant District Attorney Zimmerman in their official capacities.

Plaintiff does not allege any facts from which the court can reasonably infer whether defendant Harold Scott Saul is a public official of any sort. Regardless, "[c]riminal defense attorneys are not considered state actors for purposes of suit under 42 U.S.C. § 1983. Thus, regardless of whether Plaintiff might be able to bring malpractice claims against this attorney in state court, he cannot bring suit against him in federal court for violation of his federal

5

constitutional rights." *Pearson v. Mooris*, No. 3:15-cv-0578, 2015 WL 3540857, at *2 (M.D. Tenn. June 3, 2015); *see Polk Cnty v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, Plaintiff has failed to state a viable Section 1983 claim against attorney Saul.

Plaintiff's Section 1983 claims against all defendants will therefore be dismissed for failure to state a claim upon which relief may be granted.

### E. State-Law Claims

Plaintiff's remaining claims are based on state law—specifically the Tennessee constitution. (Doc. No. 1 at 6). The court has discretion to retain supplemental jurisdiction over these claims even after dismissing Plaintiff's federal claims. *See* 28 U.S.C. § 1367(c)(3) (providing that "district courts *may* decline to exercise supplemental jurisdiction" in such circumstances (emphasis added)). "However, '[t]he general rule is that when as here the federal claim drops out before trial (here *way* before trial), the federal district court should relinquish jurisdiction over the supplemental claim.'" *Black v. Mt. Pleasant Tennessee Police Dep't*, No. 1-14-00087, 2015 WL 4459158, at *9 (M.D. Tenn. July 20, 2015) (quoting *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997)). Here, there is no apparent basis to deviate from the general rule. Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

## IV. CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

Plaintiff's motion to amend (Doc. No. 7) is **DENIED**.

Plaintiff's Section 1983 claims are **DISMISSED** for failure to state a claim upon which relief may be granted. The court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. Plaintiff's complaint is therefore **DISMISSED**.[2]

Plaintiff's motion for transcripts from his state criminal proceedings (Doc. No. 6) is **DENIED** as moot.

This Order resolves all claims in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

Any appeal from this Order would not be taken in good faith, because Plaintiff has no objectively reasonable argument that his claims were improperly dismissed. *See* Fed. R. App. P. 24(a)(3)(A).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

---

[2] Because the court has dismissed the complaint, in part, based on its decision not to exercise supplemental jurisdiction over Plaintiff's state-law claims, the court does not anticipate that future courts will consider this dismissal a "strike" under 28 U.S.C. § 1915(g). *Crump v. Blue*, 121 F.4th 1108, 1112 (6th Cir. 2024) (explaining that dismissal in such circumstances "does not count as a strike").